## SUPREME COURT.

THE PEOPLE *ex. rel.*, MATILDA SHELTON, agt. HENRIETTA
GOWER.

Upon a writ of *certiorari*, where the judgment of the lower court is affirmed, with
    costs, the costs should be taxed as in an action at issue on a question of law.
Section 3, chap. 570, laws of 1854, as to the question of costs in such proceedings, is
    repealed by section 318 of the Code, as amended in 1862.
As section 310 of the Code only related to the costs after the issue, the provision
    does not destroy the right to the disbursements in the court below, which are tax-
    able as part of the costs in the higher court.

*New York Special Term March,* 1872.

MOTION to re-settle costs. This was an action in a discrict
court, in the city of New York, in certain summary pro-
ceedings, in which the defendant in error was plaintiff, and
the relator defendant. Judgment having been rendered in
favor of the plaintiff, the proceedings were removed to the
supreme court, on a writ of *certiorari*. The judgment of
the court below having been affirmed with costs, the costs
were taxed by the clerk as costs on appeal, as follows:
Before argument, $20; for argument, $40; for the costs and
disbursements in the court below, $28. The counsel for the
relator objected to the first two items, on the ground that
under section 318 of the Code, the costs should be taxed as
in an action on an issue at law. And to the last items, that
they were not incurred in that court, and should not be
allowed at all. The objection having been disallowed, the
relator then moved to have the costs as adjusted, re-settled.

ROBERT W. DEFOREST, *for the motion.*

I. This is a special proceeding, and comes before this court on *certiorari* to the justices of the court below, to review his judgment in a dispossessing proceeding. The clerk has taxed the costs under section 307, subdivision 5, of the Code which does not apply here. The costs in this proceeding are regulated by section 318 of the Code. By that section the costs are as in an action at issue on a question of law, and should have been taxed under section 307, subdivision 2, as follows: Before notice, $10 ; after notice, $15. Trial of issue of law.

II. The laws of 1854, chap. 270, section 3, can not operate to change this, as if that section is in any way iuconsistent with section 318 of the Code, the latter section must be considered as repealing the former to that extent, it having been passed in 1862.

III. The twenty-eight dollars, fees paid to Mr. Justice · FOWLER, the marshall, &c., were improperly allowed. This court did not attempt, nor had it the right in affirming the justice's judgment to award, besides the costs in this court, also as costs the fees paid in the proceeding before him. No construction of the order of affirmance of this court justified the clerk in taxing in the judgment of this court the fees of Justice FOWLER and the marshall in the proceedings before him. If they were taxed against the relator by Judge FOWLER, they cannot be taxed again here; and if by Judge FOWLER's decision he did not adjudge them against the relator on a mere affirmance of his judgment, it should not be so modified as to adjudge them now against her.

IV. The motion should be granted and the costs readjusted under §318 of the Code, and the fees of the justice, etc., should be disallowed.

JOHN BROOKS LEAVITT, *contra.*

I. The costs were properly taxed by the clerk under subdivision 5, of section 307 of the Code. By the laws of 1854,

chapter 270, section 3, in special proceedings and on appeals therefrom, the costs may be allowed in the discretion of the court, and when allowed shall be allowed at the rate of *similar services in civil actions.* This act of 1854 is in no wise affected or repealed by any of the subsequent amendments to the Code. It has nothing to do with the Code, except that certain sections in the Code are by it made applicable to certain special proceedings. Section 318 of the Code is not applicable to costs upon a certiorari to review proceedings had before a magistrate, for the reason that that section, by its very terms, applies to a review in the supreme court of the decisions of a court of inferior jurisdiction. Justice FOWLER did not act as a court of inferior jurisdiction in this proceeding. But the proceeding before him was not before an inferior court, but before him as a magistrate in a special capacity. But even if section 318 of the Code is applicable to the costs of this proceeding, still they were properly allowed, because the proceedings were in the general term. An action which reaches the general term for review upon a question of law is treated so far as it respects the costs, as an appeal subject to general term costs. No other construction would harmonize the statute with the nature of the proceeding as respects the question of costs, because no question in an action at issue upon a question at law could reach the general term without being subject to the costs provided for proceedings in the general term.

II. The costs incurred before Justice FOWLER of the Third District Court were recoverable by the defendant in error under section 49, 2 R. S. page 516, which expressly provides that in all cases of application pursuant to the provisions of that act, the prevailing party shall recover costs. The question here is whether the defendant in error was entitled to have the costs taxed as a part of the costs of the proceedings which were brought into this court by such certiorari. The certiorari in its effect removed into this court the proceedings before Mr. Justice FOWLER, together with the re-

Shelton agt. Gower.

cord of the same, and this court, in virtue of its general jurisdiction, had the power to do complete justice and to award costs, and did by its order award costs to the defendant in error, which allowance embraced all the costs to which the defendant was entitled in the proceedings, whether such costs had been incurred before the magistrate or in this court after the allowance of the writ.

III. For these reasons the motion to resettle the costs should be denied.

CARDOZO, J. I think the amendment of the Code in 1862 controls the act of 1854, and that the costs should be retaxed accordingly, except that as the section of the Code only relates to the costs after the issue, the provision does not destroy the right to the disbursements in the court below.

Ordered accordingly.